IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MADISON and CRYSTAL DOWNS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:05-CV-316 |
| | ) | |
| CARSON NEWMAN COLLEGE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Presently before the court is "Defendant's Motion to Dismiss Plaintiffs' Claims Brought Under 42 U.S.C. § 1982 and Plaintiffs' Claim for Punitive Damages" [doc. 5]. Plaintiffs have not filed a response. For the reasons stated herein, defendant's motion will be granted.

I.

*Background*

Plaintiffs' complaint alleges discrimination and retaliation on the basis of race. The complaint purports to be "filed under Title VI of the Civil Rights Act of 1964, as amended, and under 42 U.S.C. § 1982." The jurisdictional statement, in its entirety, provides that "This Court has jurisdiction pursuant to [sic] [.]" Plaintiffs allege numerous instances of discrimination and/or retaliation in the educational environment. They seek relief under only one count, expressly contending that defendant "has violated Title VI of the Civil Rights

Act of 1964[.]" Section 1982 is not mentioned in the complaint other than in the introductory sentence quoted above. Plaintiffs seek compensatory, punitive, and injunctive relief.

II.

*Analysis*

Defendant brings its motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which addresses the "failure to state a claim upon which relief can be granted[.]" Defendant asks the court to dismiss plaintiffs' § 1982 claim, along with the prayer for punitive damages. The motion is well taken on both points.

A. 42 U.S.C. § 1982

As noted, plaintiffs seek redress for alleged discrimination and retaliation in education. Section 1982, however, establishes only that

> All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey *real and personal property*.

42 U.S.C. § 1982 (emphasis added). "This statute clearly does not provide relief for claims alleging racial discrimination in [education], but rather is limited to claims of discrimination involving conveyances of real and personal property." *Al-Marayati v. Univ. of Toledo*, No. 97-3161, 1998 WL 252760, at *2 (6th Cir. May 13, 1998). Because the complaint makes no allegations regarding real or personal property, plaintiffs' § 1982 claim must be dismissed.

## B. Punitive Damages

In count one of the complaint, expressly addressing only "Title VI of the Civil Rights Act of 1964," plaintiffs ask for punitive damages. However, "punitive damages may not be awarded in private suits brought under Title VI of the 1964 Civil Rights Act[.]" *Barnes v. Gorman*, 536 U.S. 181, 189, 122 S. Ct. 2097, 2103, 153 L. Ed. 2d 230 (2002). The request for punitive damages will accordingly be dismissed.

An order consistent with this opinion will be entered.

ENTER:

                s/ Leon Jordan
                United States District Judge